NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 09 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BYRON CHRISTOPHER CHINCHILLA,

Petitioner-Appellant,

v.

GREG LEWIS, Warden,

Respondent-Appellee.

No.   16-55954

D.C. No.
8:14-cv-01298-JVS-JPR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted February 13, 2018
Pasadena, California

Before:  BERZON and BYBEE, Circuit Judges, and WOODCOCK,[**] District
Judge.

Byron Chinchilla, a California state prisoner, appeals the district court's

denial of his federal habeas corpus petition.  We review the district court's decision

de novo, but the Antiterrorism and Effective Death Penalty Act ("AEDPA")

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable John A. Woodcock, Jr., United States District Judge
for the district of Maine, sitting by designation.

constrains our review of Chinchilla's underlying ineffective assistance of counsel claim. *Atwood v. Ryan*, 870 F.3d 1033, 1046 (9th Cir. 2017). Under AEDPA, we may grant relief if the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d)(1). A decision is contrary to clearly established precedent if it "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). And a decision is an unreasonable application of such law if it "identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. However, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

To demonstrate ineffective assistance of counsel, a petitioner must establish that his counsel's performance was "deficient" and that this performance prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When AEDPA applies, this review is "doubly deferential," *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009), as the inquiry "is whether there is any reasonable

2

argument that counsel satisfied *Strickland*'s deferential standard," *Richter*, 562 U.S. at 105.

**1.** As an initial matter, there is no merit to Chinchilla's contention that AEDPA deference is inapplicable to the California Court of Appeal's prejudice analysis. While the court did apply a state-law prejudice standard, that standard, contrary to Chinchilla's assertion, is not a "more likely than not" test. *People v. Wilkins*, 295 P.3d 903, 914 (Cal. 2013) ("We have made clear that a 'probability' in this context does not mean more likely than not, but merely a *reasonable chance*, more than an *abstract possibility*."). Nor would the application of a more likely than not test necessarily be inconsistent with *Strickland*. *Richter*, 562 U.S. at 112. Chinchilla has thus failed to demonstrate how the state court's analysis would have differed had it applied *Strickland* and has failed to establish that its conclusion was contrary to clearly established law. *See DeWeaver v. Runnels*, 556 F.3d 995, 997 (9th Cir. 2009) ("The state court need not have cited Supreme Court precedent or been aware of it, 'so long as neither the reasoning nor the result of the state-court decision contradicts it.'" (alteration omitted)).

Additionally, Chinchilla's reliance on *Crace v. Herzog*, 798 F.3d 840, 846 (9th Cir. 2015) is misplaced. There, we applied de novo review because the state court misapprehended *Strickland*, citing it in support of a faulty *presumption* that

3

the jury would have returned the same verdict even if it had received the instruction for the lesser-included offense. *Crace*, 798 F.3d at 846–47. The state court here did not rely on such a presumption, instead holding that the jury's verdicts and findings demonstrate that the jury necessarily rejected the version of events that Chinchilla's co-defendant testified to. Accordingly, AEDPA deference applies to the court's conclusion that trial counsel's failure to ask for the imperfect self-defense instruction was not prejudicial to Chinchilla.

**2.** "In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Richter*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different." *Id*. (quoting *Strickland*, 466 U.S. at 693)).

We cannot conclude that the state court was unreasonable in holding that the trial's outcome would not have been different if the jury had been given an imperfect self-defense instruction. Chinchilla's co-defendant denied intending to rob or assault the victims, whom he portrayed as the aggressors. He testified that the victims caused him to fear for his life by driving "pretty fast" after him and Chinchilla. Had the jury credited this testimony, the defendants may have been

4

able to satisfy the elements of imperfect self-defense. But, as the state court reasoned, the jury's verdicts and findings demonstrate that it rejected this version of events; the jury found the defendants guilty of robbery and assault and concluded that they acted with premeditation in attempting to murder the victims.[1] Because fairminded jurists could disagree over whether it was reasonably likely that the jury could still have found that the defendants were entitled to imperfect self-defense, we may not disturb this holding. *Richter*, 562 U.S. at 101.

**3.** Even if Chinchilla could satisfy the prejudice prong, he would still need to demonstrate that his trial counsel's performance was constitutionally deficient. Because the state court "explicitly declined to reach this [prong], we review it *de novo.*" *Crace*, 798 F.3d at 852. Nonetheless, this review is "'highly deferential' and incorporate[s] a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance which, under the circumstances,

---

[1] Appellee agrees that the state court reasoned that the jury *factually* rejected the co-defendant's version of events. However, appellee also argues that the defendants were *legally* barred from asserting imperfect self-defense due to the fact that they committed robbery and assault and acted with premeditation. Chinchilla partially counters that imperfect self-defense and premeditation are not legally incompatible under California law. But even if Chinchilla was correct and this reasoning was part of the state-court decision, we cannot grant federal habeas relief based on a state court's application of its own state law (absent exceptions inapplicable to this case). *See Medley v. Runnels*, 506 F.3d 857, 862 (9th Cir. 2007) ("[A] federal court may not overturn a conviction simply because the state court misinterprets state law.").

might be considered sound trial strategy.'" *Id*. (quoting *United States v. Span*, 75 F.3d 1383, 1387 (9th Cir. 1996)). "A trial attorney's failure to request a jury instruction receives no deference, however, when it is based on a misunderstanding of the law rather than a strategic decision to forgo one defense in favor of another." *Id*. (quoting *Span*, 75 F.3d at 1390).

The record here demonstrates that trial counsel implemented an "all-or-nothing" strategy by attempting to counter the allegation that Chinchilla aided and abetted his co-defendant, the actual shooter. At the very onset of her closing statement, trial counsel argued to the jury that, "most importantly," they had to decide what they thought the co-defendant "did independently and what Mr. Chinchilla did." She contended that "there are very different approaches as to who did what and what they should be held responsible for."

Chinchilla's selective reading of this transcript is unpersuasive. While his trial counsel did assert that the state "overcharged" him, her statements, read in context, merely acknowledged indisputable facts: Chinchilla was a gang member and committed at least one count of robbery by taking the baseball hat at gunpoint. These reasonable concessions were clearly made to buttress counsel's central argument that Chinchilla, while certainly guilty of some relatively minor crimes, should not be found guilty of attempted premeditated murder.

6

Trial counsel's strategy was sound under the circumstances, as the state's only avenue for convicting Chinchilla of attempted murder was proving accomplice liability. It was therefore reasonable for counsel to devote her trial strategy to countering this theory and thus attempting to prevent Chinchilla from receiving multiple life sentences. *See Crace*, 798 F.3d at 852 ("In certain circumstances, it may be reasonable for a defense attorney to opt for an 'all-or-nothing' strategy, forcing the jury to choose between convicting on a severe offense and acquitting the defendant altogether."). Relying on a tenuous self-defense argument may very well have detracted from this strategy.

Accordingly, even under de novo review, Chinchilla cannot establish that his trial counsel performed deficiently. We therefore **AFFIRM** the district court's denial of Chinchilla's petition for a writ of habeas corpus.

*Chinchilla v. Lewis*, No. 16-55954

BERZON, Circuit Judge, concurring in the judgment:

I concur in the judgment, but for different reasons than those articulated in the memorandum disposition.

First, I disagree as to the prejudice point, even under the deferential standard mandated by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d). The jury did not entirely reject Chinchilla's accomplice's version of events, as it acquitted on one of the robbery charges that was part of the alleged aggressive behavior.

Further, the state court's reliance on the findings of premeditation and deliberation as factually incompatible with imperfect self-defense is unreasonable, as there is no such factual incompatibility. "[T]he unreasonable but good faith belief in having to act in self-defense. . . . reduce[s] an intentional, unlawful killing from murder to voluntary manslaughter by negating the element of malice that otherwise inheres in such a homicide." *People v. Rios*, 23 Cal. 4th 450, 460-61 (2000) (internal quotation marks and emphasis omitted). A defendant may subjectively but unreasonably believe he is in immediate danger, thereby negating malice, yet react deliberately and with premeditation in countering the perceived attack. *See People v. Mendoza*, 52 Cal. 4th 1056, 1069 (2011) ("Premeditation and

1

deliberation can occur in a brief interval.  The test is not time, but reflection.

Thoughts may follow each other with great rapidity and cold, calculated judgment

may be arrived at quickly.") (internal quotation marks omitted).[1]

Most importantly, an imperfect self-defense instruction would have given

the jury an option closely related to the self-defense instruction it was given, but

one in which the result was not acquittal but conviction of a lesser offense.  A jury

that rejected the self-defense option might well accept the imperfect self-

defense—or, at least, there is a reasonable probability that it would.  *See Strickland*

*v. Washington*, 466 U.S. 668, 694 (1984).

As to the question not decided by the state court, adequacy of representation,

however, I would hold that a competent lawyer might well have adopted the

strategy of keeping from the jury the attractive option of a lesser-included offense.

Attempted voluntary manslaughter based on imperfect self-defense could have

carried a sentence of eleven years on each count, Cal. Pen. Code § 193(a), a far

from insignificant sentence, which could have been run consecutively for the four

counts rather than concurrently.

I do not agree that Chinchilla's attorney embraced an all-or-nothing defense

---

[1] I would not address the appellee's separate legal argument, as does the
majority, *see* Mem. Dispo. at n.1, as the state court of appeals did not rely on it.

2

in the sense that she did not embrace Sotelo's self-defense theory in part; she did. In her closing argument, for example, she told the jury, "Just ask yourself is it reasonable for Mr. Sotelo and Mr. Chinchilla to be in fear that night?  Ask yourself that question.  Is it reasonable?  Because when you read the jury instructions and you deal with the self-defense instructions, that's what it comes down to."

But, again, a finding of self-defense results in an acquittal.  The accomplice evidence was fairly weak.  An attorney could well have concluded that offering a lesser included offense with a substantial sentence was too likely to provide an attractive option to a jury, and that the better option was to seek an acquittal primarily on grounds that Sotelo's shooting was not reasonably predictable—but, if it was, it was self-defense, and so neither defendant was culpable.

I therefore concur in the judgment.